**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LOY C. HUDSON,**

                  **Plaintiff,**

**-vs-**                                                  **Case No. 6:10-cv-635-Orl-28DAB**

**U. S. DEPARTMENT OF TREASURY
FINANCIAL MANAGEMENT SERVICE,**

                  **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS (Doc. No. 12)**
>
> **FILED:**      **August 31, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the District Court certify that the appeal in this case is not taken in good faith.

Plaintiff appeals Judge Antoon's order dismissing his case against the Department of Treasury Financial Management Service ("Treasury") (Doc. 9) on May 13, 2010 and moves to proceed *in forma pauperis*. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). It is respectfully **RECOMMENDED** that the District Court certify that the appeal in this case is not taken in good faith.

> Plaintiff's Notice of Appeal states:
>
> I, Loy C. Hudson, Paralegal in the state of Florida, do hereby file an appeal to the Supreme Court against the United States idle [sic] District Court of Orlando Florida and the sign [sic] of an order to close a case that I filed; document and letter attached.

Doc. 10.

Plaintiff filed suit against Treasury, seeking to be "reimbursed" for his "tax refund," *i.e.*, that the court order Treasury[1] to refund a $1,026 income tax refund that Treasury offset against amounts Plaintiff allegedly owed to the United States Department of Education (Education) for a student loan that Education made to Plaintiff. Plaintiff also sought an injunction against Treasury preventing future offsets and requests damages for pain and suffering. Treasury moved to dismiss Plaintiff's claims arguing that the Court lacked jurisdiction because there was no statute that authorized a lawsuit against the Treasury to recover an offset, such suits were expressly prohibited by the applicable statute, *see* 26 U.S.C. § 6402(g), and the Court lacked authority to grant relief because a federal agency cannot be required to perform a function it is not clearly authorized by law to perform. Doc. 4. Judge Antoon granted the Motion to Dismiss finding the Court lacked subject matter jurisdiction over Plaintiff's claims. Doc. 9. Accordingly, Plaintiff's appeal from the Order is not taken in good faith and his application to proceed *in forma pauperis* should be **DENIED**. *See* 28 U.S.C. § 1915(a)(3). It is respectfully **RECOMMENDED** that the District Court certify that the appeal in this case is not taken in good faith.

In addition, Plaintiff's application shows that he has substantial assets. As such, he does not qualify to proceed *in forma pauperis*.

---

[1] Treasury, through its bureau, the Financial Management Service (FMS), operates a debt collection program known as the Treasury Offset Program (TOP). Federal agencies use the TOP to collect delinquent non-tax debts owed to federal agencies. *See* 26 U.S.C. § 6402(d).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 2, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy